UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOAQUIN WILLIAMS, ) <br> ) <br>     **Plaintiff,** ) <br> ) <br> ) <br> ) <br> ) <br> **v.** ) <br> ) <br> ) <br> **THE HERTZ CORPORATION** ) <br> ) <br>     **Defendant.** ) | **Case No. 20-cv-977** <br><br><br><br><br><br> **Plaintiff Demands Trial by Jury** |

## COMPLAINT

NOW COMES Plaintiff, JOAQUIN WILLIAMS, by his attorneys LAD LAW GROUP, P.C, and complains as follows against Defendant THE HERTZ CORPORATION:

### PARTIES AND JURISDICTION

1. Plaintiff, JOAQUIN WILLIAMS is a citizen of the United States of America, and a citizen and resident of Chicago, County of Cook, Illinois.

2. Defendant THE HERTZ CORPORATION is registered as a foreign corporation, under the laws of the state of Illinois, with offices located in, and doing business in various counties in Illinois, including Chicago, County of Cook, Illinois.

3. At all relevant times, Plaintiff was an employee of THE HERTZ CORPORATION as that term is defined in 42 U.S.C. § 12111(4), and the Illinois Human Rights Act.

4. At all relevant times, THE HERTZ CORPORATION was an employer as defined in 42 U.S.C. § 12111(5)(A) and the Illinois Human Rights Act.

1

5. This is an action for damages for race discrimination and retaliation in violation of the 42 USC §1981, and for race discrimination, sexual harassment, and retaliation in violation of the Illinois Human Rights Act, 775 ILCS 5/2-101, et seq.

6. This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. §1331, §1343, and §1367.

## FACTS

7. Plaintiff is an African-American male.

8. Plaintiff began working for Defendant on April 24, 2015 as Customer Service Representative.

9. While working for Defendant, and prior to Defendant's discriminatory and retaliatory conduct, Plaintiff performed his job duties satisfactorily. He was promoted during his career.

10. Beginning March of 2017 through approximately July 2017, Plaintiff was subject to Harassment by Defendant in the following ways:

    a. Plaintiff was singled out by his supervisor, and called derogatory names on an often daily basis/multiple times per day, humiliating him, causing him stress and anxiety, and interfering with his ability to perform his work duties

    b. Plaintiff's supervisor removed standard equipment provided to other employees from Plaintiff, causing Plaintiff to stand for hours during his shift

    c. Defendant accused Plaintiff of falsifying medical documentation, ignored his doctor's orders, and forced him to stand all day, against his medical restrictions

    d. Plaintiff's supervisor sent him a sexually suggestive gift-a shot glass with a man in a thong

    e. Plaintiff's supervisor frequently inquired into Plaintiff's personal dating life, and asked Plaintiff to go out after work

    f. Plaintiff's supervisor frequently got physically close to Plaintiff where their faces were nearly touching, and whispered, asking Plaintiff questions like "Who are you dating? Who is he? What's his name?"

    g. When Plaintiff opposed this conduct by his supervisor, Plaintiff's supervisor threatened to write Plaintiff up for trivial matters, such as asking for a cough drop

11. In March of 2017, Plaintiff complained to Defendant's HR Department of racial based harassment, and of sexual harassment. No action was taken against the supervisors in Plaintiff's complaint, and the conduct continued.

12. After Plaintiff complained of racial and sexual harassment, Plaintiff was demoted.

13. After Plaintiff complained of racial and sexual harassment, Defendant caused Plaintiff to be discharged in July of 2017.

14. Similarly-situated non-African-American employees were treated in a more favorable manner, as they were not subject to the treatment outlined in Paragraph 10-13.

15. Employees who had not engaged in protected activity were treated in a more favorable manner, as they were not subject to the treatment outlined in Paragraph 10-13.

16. As a result of Defendant's conduct, Plaintiff suffered from lost wages, emotional distress damages, and attorney's fees.

17. On January 11, 2018, Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights Charge No. 2018CF1292, regarding the allegations herein. That Charge was cross-filed with the Equal Employment Opportunity Commission, as Charge No. 21BA80520.

18. On November 11, 2019, through his counsel, Plaintiff received a Right to Sue letter from the Equal Employment Opportunity Commission for Charge No. 21BA80520. See Exhibit A, attached hereto.

19. This suit is filed within 90 days of receipt of Plaintiff's Right to Sue Letter[1].

**COUNT I**
**ILLINOIS HUMAN RIGHTS ACT**
**RACE DISCRIMINATION**

20. Plaintiff repeats and realleges Paragraphs 1-19, as though fully set forth herein, as Paragraphs 1-19 of Count I of this Complaint.

21. Plaintiff is African-American.

22. Prior to Defendant's discriminatory and retaliatory conduct, Plaintiff performed his job duties satisfactorily. He was promoted while working for Defendant.

23. Defendant discriminated against Plaintiff as set forth herein this Complaint.

24. Similarly-situated, non-African-American employees were treated more favorably than Plaintiff, in that they were not subjected to the same discriminatory treatment as Plaintiff.

25. As a result of Defendant's conduct, Plaintiff suffered loss wages, and emotional distress.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that Defendant engaged in discriminatory conduct against Plaintiff, and enter a judgment in favor of Plaintiff, making the following findings and granting the following relief:

    A.    That this Honorable Court find that Defendant discriminated against Plaintiff on the basis of his Race;

---

[1] Plaintiff's 90 days's expired on February 9, 2020, a Sunday. Pursuant to the Local Rules of the Northern District of Illinois, Plaintiff's filing deadline extended until the next business day, Monday February 10, 2020.

B. That this Honorable Court award Plaintiff money reasonably calculated to compensate his lost wages, and for all monetary damages sustained as a result of the discrimination by Defendant;

C. That this Honorable Court award pre-judgment interest and costs;

D. That this Honorable Court award reasonable attorney's fees and costs; and

E. That this Honorable Court award such other and further relief as it may deem just and equitable.

## COUNT II
## ILLINOIS HUMAN RIGHTS ACT
## SEXUAL HARASSMENT

26. Plaintiff repeats and realleges Paragraphs 1-25, as though fully set forth herein, as Paragraphs 1-25 of Count II of this Complaint.

27. Prior to Defendant's discriminatory and retaliatory conduct, Plaintiff performed his job duties satisfactorily. He was promoted while working for Defendant.

28. Defendant's managerial employee subjected Plaintiff to unwanted sexually offensive conduct described herein, amounting to sexual harassment.

29. As a result of Defendant's conduct, Plaintiff suffered loss wages, and emotional distress.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that Defendant engaged in discriminatory conduct against Plaintiff, and enter a judgment in favor of Plaintiff, making the following findings and granting the following relief:

A. That this Honorable Court find that Defendant subjected to sexual harassment;

B. That this Honorable Court award Plaintiff money reasonably calculated to compensate his lost wages, and for all monetary damages sustained as a result of the discrimination by Defendant;

C. That this Honorable Court award pre-judgment interest and costs;

D. That this Honorable Court award reasonable attorney's fees and costs; and

E. That this Honorable Court award such other and further relief as it may deem just and equitable.

## COUNT III
## 42 U.S.C. § 1981
## (Discrimination)

30. Plaintiff repeats and realleges Paragraphs 1-29, as though fully set forth herein, as Paragraphs 1-29 of Count III of this Complaint.

31. Plaintiff is African-American.

32. Plaintiff met Defendant's legitimate expectations. Prior to Defendant's discriminatory actions, he was not written up or counseled regarding his work performance, and was promoted while working for Defendant.

33. Defendant discriminated against Plaintiff as set forth herein this complaint.

34. Similarly-situated, non-African-American employees were treated more favorably than Plaintiff, as they were not subject to the same discriminatory treatment as Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that Defendant violated Plaintiff's rights under the under 42 U.S.C. § 1981 and enter a judgment in favor of Plaintiff, making the following findings and granting the following relief:

A. That this Honorable Court find that Defendant violated Plaintiff's rights under the 42 U.S.C. § 1981by discriminating against Plaintiff;

B. That this Honorable Court award Plaintiff money reasonably calculated to compensate his for all monetary, and non-monetary damages sustained as a result of the discrimination by Defendant;

C. That this Honorable Court award pre-judgment interest and costs;

D. That this Honorable Court award reasonable attorney's fees and costs; and

E. That this Honorable Court award such other and further relief as it may deem just and equitable.

## COUNT IV
## RETALIATION

35. Plaintiff repeats and realleges Paragraphs 1-34, as though fully set forth herein, as Paragraphs 1- 34 of Count IV of this Complaint.

36. Plaintiff engaged in the protected activity of opposing unlawful discrimination, as set forth in this Complaint. Specifically, he complained of discrimination based on his race, and of sexual harassment.

37. Shortly after the complaints, Defendant took adverse action against Plaintiff as described herein, to punish Plaintiff, and to further prevent him from engaging in protected activity.

38. A causal connection exists, as the timing of the adverse actions in relation to Plaintiff's complaints is suspicions, and the proffered reasons for the adverse action taken against Plaintiff are false and pretextual.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that Defendant retaliated against Plaintiff, and enter a judgment in favor of Plaintiff, making the following findings and granting the following relief:

A. That this Honorable Court find that Defendant violated Plaintiff's rights under The Illinois Human Rights Act, by retaliating against Plaintiff;

B. That this Honorable Court find that Defendant violated Plaintiff's rights under 42 U.S.C. § 1981, by retaliating against Plaintiff;

C. That this Honorable Court award Plaintiff money reasonably calculated to compensate her lost wages, and for all monetary damages sustained as a result of the discrimination by Defendant;

D. That this Honorable Court award pre-judgment interest and costs;

E. That this Honorable Court award reasonable attorney's fees and costs; and

F. That this Honorable Court award such other and further relief as it may deem just and equitable.

Respectfully submitted,

By: /s/ Jemelle D. Cunningham
Plaintiff's Attorney

Jemelle D. Cunningham
LAD LAW GROUP, P.C.
161 N. Clark St. Suite 1600
Chicago, Illinois 60601
P: (312) 252-3085
F: (312) 252-3086
j.cunningham@ladlawgroup.com

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

# DISMISSAL AND NOTICE OF RIGHTS

| To: | Joaquin Williams<br>c/o Jemelle D. Cunningham, Esq.<br>Lad Law Group, P.C.<br>161 N. Clark Street, Suite 1600<br>Chicago, IL 60601 | From: | Chicago District Office<br>230 S. Dearborn<br>Suite 1866<br>Chicago, IL 60604 |
|---|---|---|---|

[ ]   On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2018-00520 | Daniel Lim,<br>State & Local Coordinator | (312) 872-9669 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations** that occurred **more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Julianne Bowman*/jwa        11/4/2019

Enclosures(s)      Julianne Bowman,<br>District Director      (Date Mailed)

cc:

HERTZ<br>
c/o Danielle M. Kays, Esq.<br>
Seyfarth Shaw LLP<br>
233 S. Wacker Drive, Suite 8000<br>
Chicago, IL 60606-6448

**EXHIBIT A**